UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10878-RWZ

NICHOLAS BENNETT

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of the Social Security Administration

MEMORANDUM OF DECISION

June 20, 2017

ZOBEL, S.D.J.

Plaintiff Nicholas Bennett appeals from a final decision by the Acting Commissioner of Social Security ("the Commissioner") upholding the ruling of an Administrative Law Judge ("ALJ") that rejected his application for Social Security Disability Insurance Benefits ("DIB"). Plaintiff contends that the ALJ erred by failing to consider the limitations assessed by one of the state agency non-examining physicians.

## I. Background

Plaintiff filed an application for DIB on July 31, 2013, alleging disability beginning on August 31, 2010. His claim was first denied on September 30, 2013, and again upon reconsideration on December 31, 2013. He thereupon filed a request for a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill has been substituted for Carolyn W. Colvin as Acting Commissioner of the Social Security Administration.

hearing before an ALJ, and a hearing was held on November 5, 2014. At the hearing, plaintiff and a vocational expert ("VE") testified.

### A. Applicable Statutes and Regulations

To receive Social Security DIB, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A); see also 20 C.F.R. § 404.1505(a).

The ALJ analyzes whether a claimant is disabled using an established "five-step sequential evaluation process." See 20 C.F.R.§ 404.1520(a)(4)(i)–(v). Under this framework, the ALJ first determines whether the claimant is currently engaging in substantial gainful work activity. If not, then at step two, the ALJ decides whether the claimant has a "severe" medical impairment or impairments, which means the impairment "significantly limits [the claimant's] physical or mental ability to do basic work activities," id. § 404.1520(c). If the claimant has a severe impairment or impairments, then the ALJ considers, third, whether such meet or equal an entry in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, together with the duration requirement. If so, then the claimant is considered disabled. If not, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is "the most [a

claimant] can still do despite [his] limitations," id. § 404.1545(a)(1). The ALJ then moves to step four and determines whether the claimant's RFC allows him to perform his past relevant work. If the claimant has the RFC to perform his past relevant work, then he is not disabled. If the claimant does not, the ALJ decides, at step five, whether the claimant can do other work in light of his RFC, age, education, and work experience. If the claimant can, he is not considered disabled; otherwise, he is. "Once the applicant has met his or her burden at Step 4 to show that he or she is unable to do past work due to the significant limitation, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001); see also 20 C.F.R. §§ 404.1512(f), 404.1560(c)(2).

**B. The Initial Rejection and the ALJ's Decision**

In a January 16, 2015, written decision, structured around the five-step sequential evaluation process, the ALJ found plaintiff not disabled under the Social Security Act through September 30, 2011, the date last insured ("DLI").[2] At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 31, 2010, through his DLI. Next, at step two, he determined that plaintiff had the following severe impairments through his DLI: lower back pain due to mild lumbar stenosis and spondylosis, clotting disorder (Von Willebrand's disease), polyarthritis, and rheumatoid arthritis. See 20 C.F.R. § 404.1520(c). Nonetheless, at

---

[2] "The date last insured (DLI) is the last day of the quarter a claimant[] meets insured status for disability or blindness." Social Security Administration Program Operations Manual System DI 25501.320(A)(1). To be eligible for benefits, a claimant must demonstrate that he was disabled prior to his DLI. See Fischer v. Colvin, 831 F.3d 31, 32 (1st Cir. 2016).

step three, the ALJ held that plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Docket # 12-2, at 14. Before moving to step four, the ALJ determined plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he was limited to no more than occasional climbing, stooping, bending, balancing, twisting, kneeling and crawling. He must avoid ladders, heights, hazards, dangerous moving machinery, and sharp cutting tools. He must avoid extreme heat and extreme cold.

Id. at 15. The ALJ explained that he gave the treating medical source opinions "little evidentiary weight insofar as they concern the claimant's condition on and prior to the date last insured. Though more recent treatment notes may support their findings to some degree, their opinions are largely unsupported by the benign medical findings discussed above and are inconsistent with the longitudinal treatment record." Id. at 17. He accorded the state agency non-examining medical physicians' opinions "significant evidentiary weight" because they were "consistent with the medical evidence as a whole." Id. However, "unlike the state agency examiners," the ALJ found "that the claimant's arthritis caused more than minimal functional limitations during the period at issue and is therefore severe." Id.

Then, relying on the VE's testimony, the ALJ concluded at the fourth step, that through the DLI, plaintiff "was capable of performing past relevant work as a computer-aided design ('CAD') drafter," and that "[t]his work did not require the performance of work-related activities precluded by" plaintiff's RFC." Id. At step five, again relying on the VE's testimony, the ALJ made the alternative finding that, "considering the claimant's

age, education, work experience, and residual functioning capacity, there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed." Id. at 18. The VE had testified that the claimant would have been able to perform representative occupations such as cashier/ticket seller, information clerk, and office helper — all light work jobs. Accordingly, the ALJ concluded that the claimant was not disabled.

### C. The Appeal

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied review on April 5, 2016. The ALJ's decision then became the final decision of the Commissioner, and plaintiff brought this case under 42 U.S.C. § 405(g), seeking reversal thereof.

## II. Standard of Review

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey, 276 F.3d at 9. Substantial evidence includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Questions of law are reviewed de novo. Seavey, 276 F.3d at 9.

## III. Discussion

Plaintiff claims that the ALJ erred in his RFC determination because he failed to

consider the exertional limitations assessed by one of the state agency non-examining physicians. Specifically, at the reconsideration phase, Dr. R. McFee wrote that plaintiff had the RFC to stand and/or walk (with breaks) for a total of four hours a day, which led him to the conclusion that plaintiff demonstrated the maximum sustained work capability for sedentary — as opposed to light — work. See 20 C.F.R. § 404.1567(b) ("[A] job is in [the light work] category when it requires a good deal of walking or standing . . . ."); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (explaining that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Plaintiff maintains that because the ALJ failed to consider Dr. McFee's limitations in the RFC determination, the ALJ's step four and step five findings cannot stand.

The Commissioner "acknowledges that the ALJ's RFC assessment does not account for Dr. R. McFee's opinion that Plaintiff could stand or walk for just four hours in an eight-hour workday," and that Dr. McFee's "proposed limitation, if adopted, would have undermined the ALJ's findings that Plaintiff could do his past job as a CAD drafter, along with a significant number of other light jobs." Docket # 18, a 1–2. However, she contends that the failure to account for Dr. McFee's RFC assessment "was harmless" because the VE "testified that a significant number of jobs (140,000) would be available even if Plaintiff were restricted to sedentary work, which, by definition, encompasses Dr. McFee's standing and walking limitation." Id. at 2.

### A. The VE's Testimony

At the hearing, the ALJ asked the VE a series of hypothetical questions. First, asked to assume an individual had the RFC which the ALJ had determined for plaintiff,

the VE testified the individual could perform work as a CAD drafter, cashier/ticket seller, information clerk, or office helper. Second, assuming the individual was limited to sedentary work but the other limitations remained the same and that there were no foot pedals, the VE stated that such an individual could work as a telephone clerk, an office clerk, or an inspector. She testified that between these positions, 2,400 jobs existed in Massachusetts, and 140,000 jobs existed nationally. Third, the ALJ asked whether jobs existed if the individual would need to miss work about four times each month, to which the VE responded no. After these questions, plaintiff's attorney asked hypothetical questions based on the limitations in one of the treating physicians' assessment. The VE said that with these limitations there would be no jobs the individual could perform.

**B. The ALJ's Decision**

The ALJ's decision did not address Dr. McFee's four-hour limitation on standing or walking, and the decision relied on the VE's testimony about an individual with light work limitations, rather than sedentary work limitations. Nevertheless, a remand is not necessary under these circumstances. See Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) ("While an error of law by the ALJ may necessitate a remand, . . . a remand is not essential if it will amount to no more than an empty exercise.") (citations omitted).

Here, the VE's testimony that 2,400 jobs existed in Massachusetts and 140,000 jobs existed nationally was based on sedentary work limitations as well the limitations in the RFC the ALJ determined. The ALJ credited the VE's testimony regarding occupations available if plaintiff could perform light work, and there is no persuasive reason why he would not similarly do so for sedentary work. Thus, the VE's testimony

would direct a finding that plaintiff was not disabled. Specifically, the regulations provide that if, upon considering a claimant's RFC, age, education, and work experience, it is determined that the claimant "can make an adjustment to other work," then the claimant will be found "not disabled." 20 C.F.R. § 404.1520(g). "Any other work (jobs) that [a claimant] can adjust to must exist in significant numbers in the national economy (either in the region where [a claimant] live[s] or in several regions in the country)." Id. § 404.1560(c). The 140,000 jobs nationally and 2,400 jobs regionally are sufficient to meet this requirement. See Aho v. Comm'r of Soc. Sec. Admin., No. 10-cv-40052-FDS, 2011 WL 3511518, at *8 (D. Mass. Aug. 10, 2011). Accordingly, even "if the ALJ had found Plaintiff to be limited to sedentary work for the entire period . . . [plaintiff] still would not have been under a disability as defined in the Social Security Act." Bonner v. Colvin, 153 F. Supp. 3d 465, 477 (D. Mass. 2015) (explaining that "[t]he vocational expert identified a significant number of jobs that Plaintiff could perform even with a more restrictive RFC," and so "[t]o the extent there was error here, it was harmless as the outcome would remain the same); see also Hurlburt v. Colvin, No. 3:15-cv-30173-KAR, 2017 WL 1206397, at *8 (D. Mass. Mar. 30, 2017) (holding that "even if the ALJ should have imposed a mental RFC limitation to simple and unskilled work, Plaintiff would still be found not disabled at step five, and there is no basis for remand").

Plaintiff is correct that, in general, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." SEC v. Chenery Corp., 318 U.S. 80, 87 (1943). However, "this principle 'does not mechanically compel reversal "when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached."'"

Kurzon v. U.S. Postal Serv., 539 F.2d 788, 796 (1st Cir. 1976) (quoting Braniff Airways, Inc. v. C. A. B., 379 F.2d 453, 466 (D.C. Cir. 1967)); see also Mass. Trs. of E. Gas & Fuel Assocs. v. United States, 377 U.S. 235, 248 (1964); Perez Torres v. Sec'y of Health & Human Servs., 890 F.2d 1251, 1255 (1st Cir. 1989). Rather, "[w]here a subsidiary finding is unfounded, the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture. . . .'" Kurzon, 539 F.2d at 796 (second alteration in original) (quoting NLRB v. Reed & Prince Mfg. Co., 205 F.2d 131, 139 (1st Cir. 1953)). For the reasons just discussed, there is no substantial doubt here.

## IV. Conclusion

Plaintiff's Motion to Reverse the Decision of the Commissioner (Docket # 14) is DENIED, and Defendant's Motion to Affirm the Commissioner's Decision (Docket # 17) is ALLOWED.

Judgment may be entered affirming the decision of the Commissioner.

June 20, 2017
DATE

/s/Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE